STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-273


MA RAQUEL MORALES AND
NICHOLAS MORALES

VERSUS

CARNICERIA EL RANCHITO, INC. AND
NAUTILUS INSURANCE COMPANY


**********


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2018-1683
HONORABLE ROYALE L. COLBERT, JR., DISTRICT JUDGE
(HONORABLE EDWARD D. RUBIN, FORMERLY PRESIDING)


**********


CHARLES G. FITZGERALD
JUDGE


**********


Court composed of Shannon J. Gremillion, John E. Conery, and Charles G. Fitzgerald, Judges.


MOTION TO DISMISS GRANTED.

**Jeffery F. Speer**
**Doucet-Speer, APLC**
**617 Saint John Street**
**Lafayette, Louisiana  70502-4303**
**(337) 232-0405**
**Counsel for Plaintiffs/Appellants:**
**Ma Raquel Morales**
**Nicholas Morales**


**Robert D. Felder**
**James H. Domengeaux, Jr.**
**Davidson, Meaux, Sonnier, McElligott,**
**Fontenot, Gideon & Edwards**
**801 South Buchanan Street**
**Lafayette, Louisiana  70501**
**(337) 237-1660**
**Counsel for Defendants/Appellees:**
**Carniceria El Ranchito, Inc.**
**Nautilus Insurance Company**

**FITZGERALD, Judge.**

In this appeal, Plaintiffs assert that the trial court's grant of summary judgment is an absolute nullity because of noncompliance with La.Code Civ.P. art. 966(C)(1). Defendants, on the other hand, seek dismissal because the appeal was not timely filed.

## FACTS AND PROCEDURAL HISTORY

In March 2017, Ma Raquel Morales allegedly sustained injuries after tripping and falling at a restaurant. Eleven months later, Ma Raquel and her husband, Nicholas Morales, filed a petition for damages against the restaurant, Carniceria El Ranchito, Inc., and its insurer, Nautilus Insurance Company.

In response, Defendants answered the petition. Then, eighteen months later, Defendants filed a motion for summary judgment, seeking the dismissal of all claims. The hearing on the motion for summary judgment was originally scheduled for April 6, 2020. But this hearing date was continued because of a court-closure order in response to COVID-19.

The very next document in the record is the Judgment of June 22, 2020, which granted summary judgment in favor of Defendants. However, there is nothing in the record—no order, notice, or minute entry—that addresses the rescheduling of the summary-judgment hearing. More precisely, there is nothing on the face of the record showing that notice of the new hearing date was served on Plaintiffs in accordance with law.

On August 13, 2020, Plaintiffs filed a motion for devolutive appeal. Then, on January 14, 2021, Plaintiffs and Defendants filed in this court a joint motion to dismiss the appeal without prejudice. The joint motion states that "all parties have determined that the relief currently sought by Plaintiffs-Appellants should be sought via motion in the 15th Judicial District Court rather than via an appeal at this time."

The following day, on January 15, 2021, the Order dismissing Plaintiffs' appeal in docket number 20-530 was signed by this court.

Next, on March 22, 2021, Plaintiffs filed an *ex parte* motion to annul summary judgment in the district court. The order accompanying the motion contained language similar to this: the Judgment of June 22, 2020, is null and void. The trial judge did not sign the order as presented. Rather, the judge stamped "DENIED" on the face of the order, but then added the following language below his signature: "THIS MATTER HAS BEEN FIXED FOR HEARING ON MAY 24, 2021[.]" Importantly, the trial judge did not deny Plaintiffs' motion to annul summary judgment; the judge simply denied granting the motion by *ex parte* order, choosing instead to set the matter for contradictory hearing.

Nevertheless, on April 13, 2021, Plaintiffs filed a second motion for devolutive appeal. This is the appeal now before us. This appeal, like Plaintiffs' first appeal, seeks review of the trial court's grant of summary judgment.

To this end, Plaintiffs assert a single assignment of error: "The trial Court erred in granting the defendants['] Motion for Summary Judgment because a judgment rendered without the required service is an absolute nullity."

Defendants responded by filing an opposition brief along with a motion to dismiss the appeal.

## LAW AND ANALYSIS

At the outset, Defendants argue that Plaintiffs' appeal should be dismissed because it was not timely filed. We agree. The Judgment being appealed was signed on June 22, 2020. Notice of signing of judgment was mailed the following day. This appeal was initiated on April 13, 2021, when Plaintiffs filed a motion for devolutive appeal. Our order dismissing Plaintiffs' first appeal had no effect on the delay for taking this appeal. Hence, Plaintiffs had just over sixty days from the Judgment of

2

June 22, 2020, to perfect this appeal. *See* La.Code Civ.P. art. 2087.  Yet they waited nearly ten months to do so.  For these reasons, we grant Defendants' motion to dismiss.

Our ruling does not mean that Plaintiffs are without a remedy.  Plaintiffs still have a nullity action pending in the trial court.  Thus, the hearing on Plaintiffs' motion to annul summary judgment needs to be reset.  If either party objects to the trial court's ruling on the motion to annul, that party can seek review by this court by filing a timely appeal.

With this in mind, La.Code Civ.P. art. 966(C)(1) mandates how notice of the summary-judgment hearing must be served.  The notice requirements under Article 966(C)(1) are fundamental to procedural due process. *Acadian Props. Northshore, L.L.C. v. Fitzmorris*, 17-424 (La.App. 1 Cir. 11/1/17), 234 So.3d 927.  And notice under Article 966(C)(1) applies to both originally scheduled hearings as well as rescheduled hearings. *Dehart v. Jones*, 18-764 (La.App. 3 Cir. 3/27/19), 269 So.3d 801.

### DECREE

Defendants' motion to dismiss is granted, and Plaintiffs' appeal is therefore dismissed.  Costs of the appeal are assessed to Plaintiffs, Ma Raquel Morales and Nicholas Morales.

**MOTION TO DISMISS GRANTED.**